UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGER WILLIAMS,                          :
                                         :
                Plaintiff,               :
                                         :
        v.                               :
                                         :
WASHINGTON METROPOLITAN AREA :
    TRANSIT AUTHORITY                     :        Case No.  _____
                                         :
        and                              :
                                         :
AMALGAMATED TRANSIT UNION                :
LOCAL 689                                :
                                         :
                Defendants.              :
_____:

DEFENDANT'S FILING OF PREVIOUS
FILINGS IN STATE COURT

Defendant Washington Metropolitan Area Transit Authority ("WMATA") hereby

submits the filings previously made in the Superior Court in this action being removed.

    1.    Complaint.

    2.    Summons addressed to WMATA.

    3.    Initial Order and Addendum.

    4.    Motion to Dismiss by Co-Defendant Local 689

These documents constitute all filed documents in WMATA's possession related

to this case.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
    TRANSIT AUTHORITY

/s/ Gerard J. Stief
Gerard J. Stief, #925933
Chief Counsel—Appeals & Special Litigation
600 Fifth Street, N.W.
Washington, D.C. 20001
gstief@wmata.com
(202) 962-1463; (202) 962-2550 (fax)
Attorney for Defendant WMATA

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a copy of the foregoing Defendant's Filing of Previous Filings

in State Court was mailed first class, postage prepaid, this 20th day of April, 2015 to:

    Billy L. Ponds
    The Ponds Law Firm
    1250 24th Street, N.W.
    Suite 300
    Washington, D.C. 20007

       and

    Douglas Taylor
    Brian Connolly
    Gromfine, Taylor & Tyler
    1420 King Street, Suite 500
    Alexandria, VA 22314

              /s/ Gerard J. Stief
              Gerard J. Stief

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

ROGER WILLIAMS                          :
9111 BANLEIGH LANE                      :
CLINTON, MARYLAND 20735                 :
                                        :
     Plaintiff,                    :    Case Number:
                                        :
     v.                            :    15 - 0 0 0 1 6 9 4
                                        :
WASHINGTON METROPOLITAN                 :
AREA TRANSIT AUTHORITY                  :
600 5TH STREET, NW                      :
WASHINGTON, DC 20001                    :
                                        :
SERVE:                                  :
Susan Serrian                           :
Office of the General Counsel           :
600 5th Street, NW                      :
Suite 2D                                :
Washington, DC 20001                    :
                                        :
     AND                           :
                                        :
AMAGAMLATED LOCAL TRANSIT UNION :
LOCAL 689                               :
2701 WHITNEY PLACE                      :
FORESTVILLE, MARYLAND 20747             :
                                        :
SERVE:                                  :
Jackie Jeter                            :
2701 Whitney Place                      :
Forestville, Maryland 20747             :
                                        :
     Defendants.                   :



RECEIVED
Civil Clerk's Office
MAR 1 6 2015
Superior Court of the
District of Columbia
Washington, D.C.

================================================

## COMPLAINT

    Plaintiff, Roger Williams, by and through undersigned counsel, Billy L. Ponds, of The

Ponds Law Firm, respectfully submits this Complaint against Washington Metropolitan Area

Transit Authority and the Amalgamated Local Transit Union, Local 689. In support of this Complaint, the plaintiff, Roger Williams, states as follows:

## JURISDICTION

1.      Jurisdiction before this Honorable Court is invoked pursuant to D.C. Code §11-921.

2.      The plaintiff, Roger Williams ("Plaintiff") brings this action based on the negligent conduct committed against him by defendant Washington Metropolitan Area Transit Authority ("WMATA") as a result of erroneously finding that the plaintiff violated WMATA policy/instruction P/17/2/4/17(B), suspending the plaintiff for that violation and requiring the plaintiff to undergo substance abuse testing without a valid basis for imposing said penalties.

3.      The plaintiff, Roger Williams ("Plaintiff") brings this action against defendant Amalgamated Local Transit Union, Local 689 ("Union") based on this defendant's negligent conduct and breach of fiduciary duty in its representation of plaintiff in contesting the negligent actions committed by defendant WMATA based on defendant WMATA's finding that the plaintiff violated WMATA policy/instruction P/17/2/4/17(B), suspended the plaintiff for that violation and required the plaintiff to undergo substance abuse testing without a valid basis for imposing said penalties.

4.      Venue is proper before this Court because the acts or omissions giving rise to this cause of action derive from events that occurred in the District of Columbia.

## PARTIES

5.      Plaintiff, Roger Williams, is a natural person, a citizen of the United States, and a resident of Clinton, Maryland.

6.      WMATA is a tri-jurisdictional government agency that operates transit service in the District of Columbia, Maryland and Virginia.

7.      The Union is an organization who purpose is to assist members of the union, specifically the plaintiff in any dispute or grievance with his employer, WMATA.

8.      The plaintiff is a dues paying member of the Union.

### FACTS

9.      Plaintiff is currently a WMATA employee and has been for at least the past fifteen (15) years.

10.     Plaintiff is currently a WMATA Bus Operator.

11.     On March 15, 2013, the plaintiff was provided with a DOT Card Examination Appointment Notification Letter ("Notification Letter") signed by Manager Towns.

12.     The Notification Letter advised the plaintiff that his DOT Physical Examination had been scheduled for March 18, 2013 at 10:00am.

13.     Following receipt of the Notification Letter, the plaintiff submitted a request to be excused/change assigned days off, specifically a single day, March 18, 2013, in order to comply with WMATA's DOT physical requirement and be present for his physical examination appointment.

14.     On March 18, 2013, a WMATA Medical Services and Compliance Branch form was completed in relation to the plaintiff's March 18, 2013, DOT physical examination.

15.     The WMATA Medical Services and Compliance Branch form, which was signed by the plaintiff on March 18, 2013, reflected that his evaluation was completed.

16.     On March 18, 2013, the plaintiff received a WMATA Medical Office Return to Duty Notice which reflected that he was examined in the medical office on March 18, 2013 for his

DOT Physical and that he was "approved for return to duty" without restrictions on March 18, 2013.

17.     Despite completing his DOT physical examination and being cleared to return to duty without restriction, on March 19, 2013, Donald Tapp, a WMATA Division Superintendent, issued a Memorandum to the plaintiff which referenced the Substance Abuse Policy and Employee Assistance Program and his refusal to complete periodic testing requirements.

18.     As a result of the plaintiff's alleged refusal to comply with the testing requirements, he was placed in a Category II status, which for a first offense could result in a 180 day suspension.

19.     The plaintiff was charged with violating WMATA policy/instruction P/17/2/4/17(B), Refusal to Test, which states that "Any employee selected for testing or being tested, including covered employees, who fails or declines to perform the following actions: (A) Remain at the testing site until the testing process is completed."

20.     The penalties imposed upon the plaintiff for his alleged violation of WMATA policy/instruction P/17/2/4/17(B) are as follows: plaintiff was; released immediately from pay status; given ten (10) days to enroll into Employee Assistance Program as a Category II Participant to preserve conditional employment.

21.     On March 20, 2013, plaintiff signed and dated a Certification Statement for receiving a copy of the Substance Abuse Policy and Employee Assistance Program.

22.     On March 20, 2013, WMATA's Substance Abuse Professional, Dayra Smith, evaluated the plaintiff due to violation of WMATA's mandatory Drug and Alcohol Testing Policy.

23.     Ms. Smith completed WMATA's Medical Services and Compliance EAP Program Substance Abuse Professional Referral Form, and noted the plaintiff was diagnosed as "refusal to test" per the WMATA policy criteria and recommended substance abuse education twice a week.

4

24.     On March 20, 2013, the plaintiff filled a Quest Diagnostics form for the collection of a urine specimen for drug testing.

25.     The plaintiff complied with his twice weekly substance abuse education requirement and submitted to testing on the following dates; March 25, 2013, April 1, 2013, April 12, 2013, April 17, 2013, April 24, 2013, May 8, 2013, May 17, 2013, May 23, 2013, May 30, 2013, July 30, 2013, July 31, 2013, August 18, 2013, September 24, 2013 and on September 30, 2013.

26.     The BAT recorded zero (0) for each of the fourteen (14) tests that the plaintiff took between March 20, 2013 and September 30, 2013.

27.     Between March 20, 2013 and September 24, 2013, the plaintiff submitted to fourteen (14) drug tests which yielded negative results.

28.     Pursuant to a Medical Office Return to Duty Notice which was signed and dated July 31, 2013, the plaintiff received approval to return to work.

29.     The plaintiff was subjected to alcohol and drug testing even though he did not violate any WMATA procedures or policies.

30.     A union representative from Local Transit Union Local 689 represented the plaintiff based on his objection to and contesting the suspension imposed by WMATA as well as the unfounded basis for that suspension.

31.     During this representation, the Local Transit Union Local 689 union representative negotiated and entered into a settlement agreement to resolve the plaintiff's claims against WMATA.

32.     The terms of the settlement agreement negotiated by the Local Transit Union Local 689 were not disclosed to the plaintiff.

33.     The Local Transit Union Local 689 union representative negotiated and entered into the settlement agreement without the plaintiff's knowledge, authorization, consent or acceptance of the settlement.

34.     When the plaintiff learned of the settlement negotiated and entered into by the Local Transit Union Local 689 union representative, he advised that union representative that he rejected the settlement offer.

35.     WMATA initiated a direct deposit to distribute the settlement proceeds to the plaintiff via an additional amount of eight thousand four hundred and thirty four dollars and eleven cents ($8,434.11) which was included as a part of the plaintiff's regular bi-weekly direct deposit paycheck for the May 11 through May 17, 2014 pay period.

36.     The inclusion of eight thousand four hundred and thirty four dollars and eleven cents ($8,434.11) in the plaintiff's regular bi-weekly paycheck represented distribution of the proceeds pursuant to the settlement agreement entered into by the Local Transit Union Local 689 union representative without the plaintiff's knowledge, authorization, consent or acceptance of the settlement.

37.     On July 28, 2014, the plaintiff, via certified mail, returned to the WMATA Payroll Office a cashier's check in the amount of eight thousand four hundred and thirty four dollars and eleven cents ($8,434.11).

38.     The plaintiff returned the settlement distribution proceeds to the WMATA Payroll Office because he rejected the settlement offer and declined to accept the settlement disbursement WMATA issued pursuant to the settlement agreement.

39.     On July 30, 2014 at 12:58pm, a WMATA representative signed for the certified mail the plaintiff sent to the WMATA Payroll Office to return the settlement distribution proceeds.

40.     As of the date this complaint is being filed, WMATA has not negotiated the cashier's check the plaintiff sent to WMATA, which represented the return of the settlement distribution proceeds.

41.     Local Transit Union Local 689 failed to adequately represent the plaintiff to refute the violation lodged against the Plaintiff by WMATA.

42.     Local Transit Union Local 689 failed to protect the plaintiff and his interests as a result of the wrongful allegations lodged against him by WMATA.

43.     Subsequent to the plaintiff's return to duty, specifically, on November 6 and 11, 2013, the plaintiff was subject to harassment and retaliation based on his insistence that he did not violate any WMATA rules or regulations.

44.     Local Transit Union Local 689 failed to adequately represent the plaintiff during the arbitration process.

45.     Local Transit Union Local 689's failure to represent the plaintiff during the arbitration process resulted in interference with the plaintiff's rights pursuant to the Collective Bargaining Agreement ("CBA").

46.     The plaintiff did not authorize Local Transit Union Local 689 to accept the arbitration settlement agreement/award, which this union carried out without conveying the settlement offer to the plaintiff.

47.     Based solely on Local Transit Union Local 689's conduct, the arbitration process was defective.

48.     As a result of the defective arbitration process, the plaintiff's rights pursuant to the CBA were violated.

## COUNT I
### Negligence

49.     Plaintiff incorporates by reference paragraphs one (1) through forty eight (48) as if fully set forth herein.

50.     WMATA has a duty to employ necessary and reasonable measures in their interactions with the plaintiff as well as within their treatment of the plaintiff.

51.     WMATA failed to employ necessary and reasonable measures based on the allegation that the plaintiff did not complete his periodic testing requirements when in fact he completed said requirement.

52.     WMATA failed to employ necessary and reasonable measures based on the plaintiff's placement in a Category II status.

53.     WMATA failed to employ necessary and reasonable measures based on the notation on the Medical Services and Compliance EAP Program Substance Abuse Professional Referral Form that the plaintiff refused to test.

54.     The plaintiff submitted to fourteen (14) tests between March 20, 2013 and September 30, 2013.

55.     WMATA has a duty to ensure that each of its employees are working and adhering to WMATA's rules and regulations.

56.     WMATA carelessly and recklessly suspended the plaintiff even though he had fully complied with the WMATA DOT physical examination requirements.

57.     WMATA carelessly and recklessly suspended the plaintiff even though he did not violate any WMATA policy/instruction regulation.

58.     WMATA carelessly and recklessly imposed disciplinary action against the plaintiff even though he did not violate any WMATA policy/instruction regulation.

8

59.     WMATA careless and recklessly suspended the plaintiff for approximately ninety (90) days absent a valid basis to suspend the plaintiff.

60.     WMATA carelessly and recklessly imposed disciplinary action against the plaintiff without a valid basis for imposing that disciplinary action.

61.     WMATA negligently took action against the plaintiff, which exceeded reasonable measures as were warranted under the circumstances.

62.     WMATA acted carelessly and recklessly and failed to exercise ordinary care towards the plaintiff.

## COUNT II
### Intentional Infliction of Emotional Distress

63.     Plaintiff incorporates by reference paragraphs one (1) through sixty two (62) as if fully set forth herein.

64.     The plaintiff complied with his duties and obligations as a WMATA Bus Operator.

65.     The plaintiff suffered severe emotional stress and distress as a result of the false allegations lodged against him by WMATA.

66.     As a result of WMATA's careless and reckless conduct towards the plaintiff, the plaintiff was injured and subjected to severe stress and emotional distress.

67.     As a result of the false accusation that the plaintiff violated WMATA Policy/Instruction the plaintiff suffered severe stress and emotional distress.

68.     As a result of being ordered to take alcohol and drugs tests for violating a policy that he did not violate, the plaintiff suffered severe stress and emotional distress.

69.     The plaintiff suffered severe emotional stress and distress as a result of being erroneously suspended for approximately ninety (90) days.

9

70.     The plaintiff suffered severe emotional stress and distress as a result of being suspended for approximately ninety (90) days without pay without a valid basis for that suspension.

71.     The financial hardship of being suspended without pay caused the plaintiff to suffer severe emotional stress and distress.

72.     The plaintiff suffered severe emotional stress and distress because he was concerned that the suspension and directive to be tested for alcohol and drugs would affect his reputation among his colleagues and other WMATA personnel.

73.     The plaintiff's emotional stress and distress derived solely from the actions taken by WMATA.

<u>COUNT III</u>
**Breach of Fiduciary Duty Against the Union**

74.     Plaintiff incorporates by reference paragraphs one (1) through seventy three (73) as if fully set forth herein.

75.     Local Transit Union Local 689 breached its fiduciary duty to fully comply with the Union regulations, policies and procedures set forth to properly represent the plaintiff with his grievance against WMATA.

76.     Local Transit Union Local 689 breached its fiduciary duty to protect the plaintiff's interests with respect his grievance against WMATA.

77.     Local Transit Union Local 689 breached its fiduciary duty to vigorously pursue the plaintiff's grievance against WMATA.

78.     As a direct and proximate result of Local Transit Union Local 689 breach of the fiduciary duty owed to the plaintiff, this union acted carelessly and recklessly towards the plaintiff to protect his employment with WMATA.

79.   As a direct and proximate result of Local Transit Union Local 689 breach of the fiduciary duty owed to the plaintiff, the plaintiff suffered economic damages.

80.   Local Transit Union Local 689's breach of the fiduciary duty owed to the plaintiff in his grievance against WMATA caused the plaintiff to suffer from severe emotional stress and distress, economic losses, a blemished reputation and indignities.

## COUNT IV
### Negligent Supervision and Training

81.   Plaintiff incorporates by reference paragraphs one (1) through eighty (80) as if fully set forth herein.

82.   At all times relevant herein, the Local Transit Union Local 689 union representative who was assigned to represent the plaintiff in his grievance against WMATA was acting under the direction and control  pursuant to the rules, regulations, policies, procedures of the Union.

83.   At all times relevant herein, Local Transit Union Local 689 acted negligently, carelessly and recklessly by failing to properly supervise, control, direct and monitor the union representative who was assigned to represent the plaintiff in his grievance against WMATA.

84.   By failing to prevent the union representative who represented the plaintiff in his grievance against WMATA from acting in a careless and reckless manner without protecting the plaintiff's rights, Local Transit Union Local 689 permitted the individual assigned to represent the plaintiff to engage in tortious conduct against the plaintiff.

85.   Local Transit Union Local 689 failed to adequately supervise the union representative who represented the plaintiff in his grievance against WMATA by failing to take any action to stop the above-noted individual from acting in a careless and reckless manner without protecting the plaintiff's rights with his grievance against WMATA.

11

86.    As a direct and proximate result of the acts and omissions of Local Transit Union Local 689, the union representative who represented the plaintiff in his grievance against WMATA engaged in careless and reckless conduct toward the plaintiff, which resulted in the plaintiff suffering from severe emotional stress and distress.

87.    As a direct and proximate result of the acts and omissions of Local Transit Union Local 689, the union representative who represented the plaintiff in his grievance against WMATA engaged in careless and reckless conduct toward the plaintiff, which resulted in the plaintiff suffering economic harm.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff:

I.    Re-pleads and re-alleges counts I through IV, paragraphs one (1) through eight seven (87) with the same force and effect as if fully set forth herein;

II.    Requests, subject to further discovery, the right to amend the complaint, and that the Court:

III.    Enter a finding and judgment on Counts I and II of the Complaint in favor of the plaintiff and against defendant WMATA in the amount of one million ($1,000,000.00) dollars, plus punitive damages to the extent allowed by law and interest.

IV.    Enter a finding and judgment on Count III and IV of the Complaint in favor of the plaintiff and against defendant Union in the amount of one million ($1,000,000.00) dollars, plus punitive damages to the extent allowed by law and interest.

V.    Award fees and court costs to plaintiff; and

VI.    Award such other relief as this Honorable Court deems just and fair.

Roger Williams
By Counsel

Respectfully submitted,

Billy L. Ponds
Counsel for the Plaintiff
The Ponds Law Firm
Bar Number 379883
1250 24th Street, N.W.
Suite 300
Washington, D.C. 20007
Telephone Number: (202) 333-2922
E-Mail: plfpc@aol.com

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| **ROGER WILLIAMS** | : | |
| **Plaintiff,** | : | Case Number: |
| | : | |
| **v.** | : | |
| | : | |
| **WASHINGTON METROPOLITAN** | : | |
| **AREA TRANSIT AUTHORITY** | : | |
| | : | |
| | : | |
| **AND** | : | |
| | : | |
| **AMAGAMLATED LOCAL TRANSIT UNION** | : | |
| **LOCAL 689** | : | |
| | : | |
| **Defendants.** | : | |

===========================================

### JURY DEMAND

Plaintiff hereby requests a trial by jury of six (6) on all triable issues, including the amount of damages to be awarded.

> Roger Williams
> By Counsel
>
> Respectfully submitted,
>
> Billy L. Ponds
> Counsel for the Plaintiff
> The Ponds Law Firm
> Bar Number 379883
> 1250 24th Street, N.W.
> Suite 300
> Washington, D.C. 20007
> Telephone Number: (202) 333-2922
> Facsimile Number: (202) 333-4114
> E-Mail: PLFPC@aol.com

14



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Heare Williams
_____
Plaintiff

vs.

15 - 0 0 0 1 6 9 4

Washington Metropolitan Area
Transit Authority, d. al.
_____
Defendant

Case Number _____

## SUMMONS

To the above named Defendant: Washington Metropolitan Area Transit Authority

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Kirk L. Ponds
_____
Name of Plaintiff's Attorney

1750 24th St NW #300
_____
Address

Wash DC 20037
202 - 393 - 2822
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 03 Mar 2015

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오    ያማርኛ ተርጓሚ ስለሚፈልጉ (202) 879-4828 ይደውሉ

     IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                 CASUM.doc

2





## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

ROGER WILLIAMS
    Vs.                                      C.A. No.      2015 CA 001694 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge RONNA L BECK
Date:  March 16, 2015
Initial Conference:  9:30 am, Friday, May 15, 2015
Location:  Courtroom 219
              500 Indiana Avenue N.W.
              WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreement to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Case No. 2015 CA 001694 B

In the Matter of:

ROGER WILLIAMS,                            }
9111 BANLEIGH LANE                         }
Clinton, MD 20735                          }
                        Plaintiff,         }
                                           }
          vs.                              }
                                           }
LOCAL 689, AMALGAMATED TRANSIT             }
          UNION                            }
2701 Whitney Place                         }
Forestville, MD 20747                      }
                                           }
          and                              }
                                           }
WASHINGTON METROPOLITAN AREA               }
TRANSIT AUTHORITY (WMATA)                  }
600 Fifth Street, NW                       }
Washington, DC 20001                       }
                                           }
                        Defendants.        }
_____}


<u>DEFENDANT'S MOTION TO DISMISS</u>

Defendant Amalgamated Transit Union, Local 689, AFL-CIO (hereinafter "Local 689" or

the "Union"), by and through undersigned counsel, pursuant to D.C. Superior CT. Civil

Procedure Rule 12(b)(6), hereby Moves this Court to dismiss all claims of the Plaintiff.


The basis for this motion is set forth in the accompanying memorandum.

4

Respectfully submitted,

Defendant

**Local 689, Amalgamated Transit Union, AFL-CIO**

By its Counsel,


____/s/ Brian Connolly_____

Brian Connolly 1010429

GROMFINE, TAYLOR& TYLER P.C.

1420 King Street, Suite 5000

Alexandria, VA 22314

703.683.7780

703.683.2065 (fax)

bconnolly@lbgt.com


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Defendant ATU Local 689 Motion to dismiss, with accompanying attachments was electronically transmitted and by Priority U.S. Mail to this 15th day of April, 2015 to:

Billy L. Ponds

The Ponds Law firm

1250 24th Street NW

Suite 300

Washington, DC 20007

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Case No. 2015 CA 001694 B

In the Matter of:

| | |
|---|---|
| ROGER WILLIAMS,<br>9111 BANLEIGH LANE<br>Clinton, MD 20735 | }<br>}<br>} |
|           Plaintiff, | }<br>} |
| vs. | }<br>} |
| LOCAL 689, AMALGAMATED TRANSIT<br>    UNION<br>2701 Whitney Place<br>Forestville, MD 20747 | }<br>}<br>}<br>}<br>} |
| and | }<br>} |
| WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY (WMATA)<br>600 Fifth Street, NW<br>Washington, DC 20001 | }<br>}<br>}<br>}<br>} |
|           Defendants. | }<br>} |

## DEFENDANTS' LOCAL 689's MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Amalgamated Transit Union, Local 689, AFL-CIO (hereinafter "Local 689" or the "Union"), by and through undersigned counsel, pursuant to D.C. Superior Court Civil Procedure Rule 12(b)(6), hereby Moves this Court to dismiss all claims of the Plaintiff.

-2-

The Plaintiff failed to state a claim upon which relief may be granted and, for the following reasons, the Complaint should be dismissed against Defendant Local 689 without Prejudice.

### Facts

The Plaintiff is a bus operator for Defendant Washington Metropolitan Area Transit Authority (hereinafter "WMATA" or the "Authority") for the past fifteen years. (Complaint ¶¶ 9-10) WMATA required the Plaintiff to report to their medical office on March 18, 2013 so that a Department of Transportation ("DOT") Physical Examination could be performed. (Complaint ¶ 12) During the exam, Plaintiff would not submit to a drug and alcohol test and WMATA classified him as a "refusal to test". (Complaint ¶ 23) Due to his refusal to submit to the drug and alcohol exam, WMATA placed the Plaintiff in the Employee Assistance Program for Substance Abuse ("EAP") as a Category II participant. (Complaint ¶¶ 17-18) On March 20, 2013, Plaintiff was given a copy of the EAP policy and was evaluated by a Substance Abuse professional Darya Smith who recommended twice a week substance abuse education. (Complaint ¶¶ 21-22)

The Plaintiff filed a grievance with Defendant Local 689 on March 19, 2013 protesting the memorandum of refusal he received. (EX 1) On July 31, 2013 the Plaintiff was given a return to duty notice from the medical office. Local 689 duly moved the grievance through the process and was able to reach a settlement with the Authority. It was agreed that WMATA would pay the Plaintiff 40.42 hours per week at a rate of $29.722639 per hour for the period of March 24, 2013 through June 13, 2013. That agreement was signed by Counsel for the Union and Counsel for the Authority on March 13, 2014. (EX 2) Plaintiff filed the present lawsuit protesting the settlement claiming in part that Local 689 violated their fiduciary duty. (Complaint ¶¶ 75-80) Additionally

-3-

the Plaintiff claims that the emotional distress and economic harm suffered entitles him to

$1,000,000.00 plus punitive damages.

## Argument

I.   <u>The Criteria for a proper 12(b)(6) Motion to Dismiss has been firmly established</u>

The Appellate Division of this Court has said when analyzing a motion to dismiss,

> "In reviewing a 12(b)(6) dismissal, we must construe the complaint
> in the light most favorable to the plaintiff and accept its allegations
> as true. See <u>Fraser v. Gottfried</u>, 636 A.2d 430, 430 (D.C.1994);
> <u>Auto World, Inc. v. District of Columbia</u>, 627 A.2d 11, 13
> (D.C.1993). Dismissal is warranted only when 'it appears beyond
> doubt that the plaintiff can prove no set of facts in support of his
> [or her] claim that would entitle him [or her] to relief.' <u>McBryde v.
> Amoco Oil Co.</u>, 404 A.2d 200, 202 (D.C.1979) (quoting <u>Conley v.
> Gibson</u>, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80
> (1957))."

> <u>Bible Way Church of Our Lord Jesus Christ v. Beards</u>, 680 A.2d
> 419, 432 (1996)

The Court ruled that because the Superior Court Rule 12 is identical to the Federal counterpart,

Federal Rule of Civil Procedure 12, then decisions interpreting the federal rule are persuasive

when applying the local rule. <u>Id</u>.

The Federal Rules of Civil Procedure Rule 8(a)(2) requires only "a short and plain

statement of the claim showing that the pleader is entitled to relief," in order to "give the

defendant fair notice of what the ...claim is and the grounds upon which it rests," <u>Conley</u>

<u>v.Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Supreme Court later held:

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss
> does not need detailed factual allegations, <u>Conley v.Gibson</u>, 355

-4-

U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.</u>, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ...than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact),('Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations');(a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely'). (internal citations omitted)"

 <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,  127 S.Ct. 1955, 1964-1965 (2007)

The Supreme Court subsequently clarified the above cited standard:

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id</u>., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. <u>Ibid</u>. Where a complaint pleads facts that are 'merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''' <u>Id</u>., at 557, 127 S.Ct. 1955 (brackets omitted)."

 <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937 (2009)

The Court would further state in <u>Ashcroft</u>,

-5-

> "Two working principles underlie our decision in <u>Twombly</u>. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice....Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 at 556, 127 S.Ct. 1955"

> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937 (2009)

The Plaintiff in this case fails to state a Complaint upon which relief can be granted. For the reasons set forth below, the Complaint does not contain any allegation, which taken as true, frames the basis of any union liability. More importantly the Complaint is extremely untimely and should be dismissed as it violates the limitation if 180 days when a hybrid claim against an employer and labor organization can be filed.

II.   <u>The Complaint is untimely and should be dismissed immediately</u>

The Supreme Court ruled in <u>Del Costello v. Teamsters</u>, 462 U.S. 151 (1983) that an employee generally has 6 months to file a Duty of Fair Representation either with the NLRB or in Federal Court.

> "while application of a short arbitration period as against employers would endanger employees' ability to recover most of what is due them, application of a longer malpractice statute as against unions would preclude the relatively rapid final resolution of labor disputes favored by federal law... In this case, however, we have available a federal statute of limitations actually designed to accommodate a balance of interests very similar to that at stake here—a statute that is, in fact, an analogy to the present lawsuit more apt than any of the suggested state-law parallels.20 We refer to § 10(b) of the National Labor Relations Act, which establishes a six-month period for making charges of unfair labor practices to the NLRB" <u>Id</u>. at 168-170.

-6-

The DC Court of Appeals has upheld this standard, stating

> "In holding that Price's suit against WMATA and the Union was
> time-barred, the trial court relied on <u>DelCostello v. Int'l Bhd. of
> Teamsters</u>, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983),
> in which the Supreme Court held that hybrid CBA/fair
> representation suits are subject to the six-month statute of
> limitations 'borrowed' from § 10(b) of the NLRA. 462 U.S. at 163,
> 103 S.Ct. 2281.6...We discern no unfairness in applying the NLRA
> case law, particularly <u>DelCostello</u>, in addressing the specific issue
> presented here (an issue of first impression in this
> court),....Moreover, the United States District Court for the District
> of Columbia has repeatedly followed <u>DelCostello</u> in ruling that the
> six-month limitations period borrowed from § 10(b) governs
> whether hybrid claims against WMATA and the Union are
> time-barred. See <u>Ferguson v. Local 689, Amalgamated Transit
> Union, et al.</u>, 626 F.Supp.2d 55 (D.D.C.2009) (agreeing that the
> six-month statute of limitations as applied in <u>DelCostello</u> was
> applicable so as to bar claim of wrongful discharge brought against
> WMATA in hybrid suit); <u>Dove v. Washington Metro. Area Transit
> Auth.</u>, 402 F.Supp.2d 91, 95 n. 2 (D.D.C.2005)...In <u>DelCostello</u>,
> the Supreme Court emphasized the importance of national
> uniformity in procedures followed for similar labor relations
> claims, the importance of avoiding 'radical variation in the
> treatment of cases that are not significantly different with regard to
> the principles of <u>Vaca</u>,' and the federal interest in the 'relatively
> rapid final resolution of labor disputes.' 462 U.S. at 166 n. 16, 168,
> 171, 103 S.Ct. 2281. These considerations give us a compelling
> reason to follow the lead of our sister courts in this region in
> applying a six-month limitations period to hybrid claims involving
> WMATA"
>
> <u>Price v. Washington Metropolitan Area Transit Authority et al.</u>, 41
> A.3d 526, 529-533 (2012)

The Plaintiff's settlement was signed on March 14, 2013. The Plaintiff's returned

proceeds from the settlement to WMATA on July 30, 2014. (Complaint ¶ 39) The Complaint

was filed on March 16, 2015 which is 229 days after the day the proceeds were turned in and 368

days after the Settlement was signed. Clearly the Complaint is untimely as it was filed long after

-7-

the 180 day period had expired. Under the standard laid out by the Supreme Court and followed

in this jurisdiction, the Complaint should be dismissed immediately.

III.     The Plaintiff does not have a claim against the Union

The standard for damages assessed against a union which breached its duty of fair

representation has been determined by the Supreme Court to be the following:

> "The governing principle, then, is to apportion liability between the
> employer and the union according to the damage caused by the
> fault of each. Thus, damages attributable solely to the employer's
> breach of contract should not be charged to the union, but increases
> if any in those damages caused by the union's refusal to process the
> grievance should not be charged to the employer. In this case, even
> if the Union had breached its duty, all or almost all of Owens'
> damages would still be attributable to his allegedly wrongful
> discharge by Swift"
>
> Vaca v. Sipes, 386 U.S. 171, 197-198 (1967)
>
> "To avoid burdening unions beyond the extent necessary to
> compensate employees for their injuries, we refused to create an
> exception even for those unions with indemnification rights against
> employers. Although acknowledging that this apportionment rule
> might in some instances effectively immunize unions from liability
> for a clear breach of duty, the Court found considerations of
> deterrence insufficient to risk endangering the financial stability of
> such institutions. Accordingly, we vacated the jury's award of
> compensatory and punitive damages against the union since "all or
> almost all" of the employee's damages were attributable to the
> discharge. This limitation on union liability thus reflects an attempt
> to afford individual employees redress for injuries caused by union
> misconduct without compromising the collective interests of union
> members in protecting limited funds."
>
> International Broth. of Elec. Workers v. Foust, 442 U.S. 42, 49-50
> (1979) (citing Vaca v. Sipes, 386 U.S. 171, 190 (1967)(internal
> citations omitted)

-8-

The Supreme Court has also provided guidance in excluding tort liability from cases

dealing with collective bargaining:

> "These questions of contract interpretation, therefore, underlie any
> finding of tort liability, regardless of the fact that the state court
> may choose to define the tort as "independent" of any contract
> question. Congress has mandated that federal law govern the
> meaning given contract terms. Since the state tort purports to give
> life to these terms in a different environment, it is pre-empted."

> Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 218-219 (1985)

The Plaintiff has not provided an factual or legal basis for relief.

> "Second, determining whether a complaint states a plausible claim
> is context-specific, requiring the reviewing court to draw on its
> experience and common sense. A court considering a motion to
> dismiss may begin by identifying allegations that, because they are
> mere conclusions, are not entitled to the assumption of truth. While
> legal conclusions can provide the complaint's framework, they
> must be supported by factual allegations. When there are well-
> pleaded factual allegations, a court should assume their veracity
> and then determine whether they plausibly give rise to an
> entitlement to relief." (Internal citations omitted)

> Ashcroft v. Iqbal, 556 U.S. 662, 663-664 (2009)

Even if the allegations were taken as true, the Plaintiff has no grounds of recovery from Local

689. Since there is no DC law which allows for recovery from a labor organization under either

breach of fiduciary duty or officer negligence the Complaint should be dismissed.

A.      The Union does not owe a Fiduciary Duty to the Plaintiff

Blacks law defines fiduciary duty as:

> (1842) A duty of utmost good faith, trust, confidence, and candor
> owed by a fiduciary (such as an agent or a trustee) to the
> beneficiary (such as the agent's principal or the beneficiaries of the
> trust); a duty of utmost good faith, trust, confidence, and candor

-9-

> owed by a fiduciary (such as a lawyer or corporate officer) to the
> beneficiary (such as a lawyer's client or a shareholder); a duty to act
> with the highest degree of honesty and loyalty toward another
> person and in the best interests of the other person (such as the
> duty that one partner owes to another).

The Court defined a recoverable action following a breach of Fiduciary Duty. In the Pietrangelo

v. Wilmer Cutler Pickering Hale & Dorr, LLP decision the Court wrote,

> "In jurisdictions that have recognized the tort of aiding and
> abetting the breach of fiduciary duty the plaintiff must show: '(1) a
> fiduciary duty on the part of the primary wrongdoer, (2) a breach of
> this fiduciary duty, (3) knowledge of this breach by the alleged
> aider and abettor, and (4) the aider and abettor's substantial
> assistance or encouragement of the wrongdoing.' Nat'l R.R.
> Passenger Corp. v. Veolia Transp. Servs., Inc., 592 F.Supp.2d 86,
> 94 (D.D.C.2009) (citations omitted). However, as we noted in Flax
> v. Schertler, '[t]he separate tort of aiding-abetting has not yet, to
> our knowledge, been recognized explicitly in the District.' 935
> A.2d 1091, 1107 (D.C.2007) (alteration in original) (emphasis
> added) (citation and internal quotation marks omitted)."

> Pietrangelo v. Wilmer Cutler Pickering Hale & Dorr, LLP, 68 A.3d
> 697, 711 (2013)

Perhaps the most important part of the above cited case deals with the simplest of issues. The

Court says,

> "A predicate to any liability based on a theory of an inducement of
> a breach of a fiduciary duty is the breach of fiduciary duty by the
> principal."

> Id. at 711

Not only does the Complaint not include allegations that meet the above cited standard, the

Plaintiff pleads no fiduciary duty at all. There is no rule or law which says that when dealing with

grievances a labor union owes a fiduciary duty to their members. Since there is no duty then there

-10-

can be no breach of the duty. Therefore, the Complaint must dismissed as there is no cause of action.

B.    The Union was not Negligent

The Final allegation in the Complaint is that the Union was negligent in providing supervision and training. Again, the Plaintiff cites no specific officers who were negligent or negligent acts in handling the grievances. Nor does he point to any specific allegations of negligence that support the claim of the representative engaging in a careless and reckless behavior. Due to the lack of specifics there is no need for an extended discussion other then that Local 689 claims.

For the reasons set forth above, Local 689 asks that the Court dismiss the Complaint without prejudice.

Respectfully submitted,
Defendant
Local 689, Amalgamated Transit Union, AFL-CIO
By its Counsel,


_____/s/Brian Connolly_____
Brian Connolly 1010429
GROMFINE, TAYLOR& TYLER P.C.
1420 King Street, Suite 5000
Alexandria, VA 22314
703.683.7780
703.683.2065 (fax)
bconnolly@lbgt.com

# LOCAL 689

# EXHIBIT 1

| | DATE | AUTHORITY |
|---|---|---|
| STEP | | |
| 1 | 3/9/13 | D-1 |
| 2 | | |
| 3 | | |
| 4 | | |

**AMALGAMATED TRANSIT UNION**
Local 689

**Grievance**

Name: Pat Brown
Address: 911 Bentleigh Ln
Phone No.: 240-472-7681
Employed as: Bus Operator
Seniority: 26 Feb 99
Work Location: BWI

PPR No.: 00053 DS-Advocate

REMARKS

| GBB 689 OFFICE USE ONLY |
|---|
| Grievance No. ___ |
| Category Code: 253 |
| Grievance No: 253 |
| Of Capacity: TWS |
| Date Logged: 3-21-13 |

State plainly and briefly all circumstance connected with case:

I am filing this grievance in response to the reprimand-slip or decision I don't recall any that was administered to me.

I received a reprimand Mar 18 2013 (6:16 PM) at 9:32 am I was scheduled for the DOT physical at 10:00am. I took a private inspector that day and told everything that was required of me, then upon medical I got a phone call then one of the supervisor informing me that I needed to go back to medical and finish a urine test. I thought I was through the checks had cleared me exit then to duty. Upon arrival, two minutes later I was out another call then medical saying everything was ok I was told then I didn't need to come back.

I was frankly speaking before I left medical I asked the doctor did they want anything else that might maybe I was told to leave they said yes.

I would like to be reinstated to work & duty.

I don't have any record of any DOT test.

So I have been administered the reprimand.

Signed _____  Date: 03-19-13
Union Officer _____  Date: 3/19/13
Authority _____  Date: 3/19/13

☐ Check here if supplementary sheets are used. — Number of sheets ☐

# LOCAL 689

# EXHIBIT 2

**SETTLEMENT AGREEMENT**
between
**LOCAL 689, AMALGAMATED TRANSIT UNION**
and
**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**
in the matter of

**Grievance of Roger Williams dated March 19, 2013**

Upon consideration of the facts and circumstances unique to this case, and in the interest of good labor relations, we have determined to resolve this matter without further proceedings. Accordingly, the parties have agreed as follows:

1. Grievant's Category II enrollment in the Employee Assistance Program ("EAP") shall be recategorized as a Category I enrollment, with the concomitant terms and conditions reflected in the parties' EAP/SAP Agreement.

2. Grievant will be paid from March 24, 2013 through June 13, 2013, with the payment to be calculated at his rate of run pay at that time, i.e., 40.42 hours per week at $29.722639 per hour.

3. This settlement represents full and final resolution of all claims made in and arising from Grievant's March 19, 2013 grievance. It is non-precedential, and will not be cited or offered as evidence in any matter or proceeding involving anyone other than the Grievant.

Paul Tyler
Arbitrator
Local 689, ATU

Date: 3/13/14

Donna L. Gaffney
Arbitrator
WMATA

Date: 3/13/2014

cc:     HROS - Lisa Cooper-Lucas

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Case No. 2015 CA 001694 B

In the Matter of:

ROGER WILLIAMS,                                      }
9111 BANLEIGH LANE                                   }
Clinton, MD 20735                                    }
                      Plaintiff,                 }
                                                   }
       vs.                                           }
                                                     }
LOCAL 689, AMALGAMATED TRANSIT                       }
          UNION                                     }
2701 Whitney Place                                   }
Forestville, MD 20747                                }
                                                   }
      and                                          }
                                                     }
WASHINGTON METROPOLITAN AREA                         }
TRANSIT AUTHORITY (WMATA)                            }
600 Fifth Street, NW                                 }
Washington, DC 20001                                 }
                                                   }
                      Defendants.                }

_____}

## <u>ORDER</u>

      After consideration of all arguments and evidence on the record, the Court finds that the
Plaintiff failed to state a claim upon which relief may be granted and finds further that the
Defendants should prevail as a matter of law. Accordingly, the Defendants Motion for Dismiss is
**GRANTED**, and this matter is dismissed in its entirety.

Date _____

                                      _____
                                            Ronna Lee Beck
                                                 Judge
                             District of Columbia Superior Court